DAVID B. SHILLMAN AND DOROTHY B. SHILLMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shillman v. Commissioner
Docket No. 8581-82.
United States Tax Court
T.C. Memo 1984-572; 1984 Tax Ct. Memo LEXIS 100; 48 T.C.M. (CCH) 1483; T.C.M. (RIA) 84572; October 29, 1984. David B. Shillman, pro se. Kathleen L. Midian, for the respondent. HAMBLEN MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency of $1,531.00 and an addition to tax under section 6653(a) [1] of $77.00 in petitioners' joint 1978 Federal income tax. After concessions, the sole issue for determination is whether petitioners made an overpayment of their taxes for 1978. *101 FINDINGS OF FACT Someof the facts are stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in South Euclid, Ohio, when they filed their petition in this case. Petitioner, David B. Shillman ("David"), was a self-employed attorney during 1978. In addition, David was employed by the city of Highland Heights during 1978. The city of Highland Heights withheld from David's wages the amount of $220.60 for Federal income taxes. Petitioner, Dorothy B. Shillman ("Dorothy"), was employed by Data Logics Inc. during 1978. Data Logics Inc. withheld from Dorothy's wages the amount of $3,139.20 for Federal income taxes. These payments were applied in full to petitioners' 1978 joint Federal income tax liability, and it is undisputed that these payments were properly applied. In addition to the amounts withheld from petitioners' wages, David made payments to the "Internal Revenue Service" in 1978 totalling $3,500.00. These payments were made pursuant to an Installment Agreement, Form 433-D ("Installment Agreement"), executed by David on July 14, 1978. [2] The Installment Agreement *102 provided, in pertinent part: The payments are to be applied to the Taxpayer's 1978 estimated taxes through March 1979 and then applied to his 1979 estimated taxes. Any refunds generated by credits in excess of actual liability will be applied to back taxes. It is undisputed that only $1,000.00 of the total payments of $3,500.00 made by David in 1978 were initially applied to petitioners' estimated 1978 joint Federal income tax liability. The balance of the payments were applied to the unpaid 1976 joint Federal income tax liability of David and his ex-wife, Mary N. Shillman. Petitioners reported a total joint federal income tax liability for 1978 in the amount of $3,525.99. Respondent, in his notice of deficiency, determined that petitioners' actual federal income tax liability for 1978 was $5,056.99 and imposed an addition to tax under section 6653(a) in the amount of $77.00. Petitioners concede that their 1978 joint Federal *103 income tax as determined by respondent is correct. Petitioners also concede that a portion of the underpayment for 1978 was due to negligence or intentional disregard of the rules and regulations. However, petitioners argue that David's payments made pursuant to the Installment Agreement fully extinguish any additional Federal income tax liability determined by respondent for 1978 and further argue that we must find that petitioners have made an overpayment for 1978. OPINION The jurisdiction of this Court is limited to a determination of the amount of a deficiency or, in limited circumstances, the amount of an overpayment.[3]; ; . Normally, the Court will not review the administrative policies and procedures of the Commissioner. , affd. . An agreement to liquidate a delinquent account by installment payments is not controlled by statute but *104 is administrative in nature. See M. Saltzman, IRS Practice and Procedure, sec. 15.05 (1981). Here, petitioners request that we enforce the Installment Agreement executed by David which provided that the payments made by David pursuant to the agreement would first be applied to David's estimated tax liability for 1978. Although we sympathize with petitioners' plight and do not condone actions on the part of respondent's agents which purportedly deviate from the terms of the Installment Agreement, our jurisdiction is limited and does not encompass enforcement of a purely administrative agreement made by a taxpayer and the Commissioner. [4] Enforcement of the Installment Agreement is for another forum. *105 Petitioners have raised several additional arguments relating to the proper application of the payments made by David in 1978. As we have determined that we have no jurisdiction to enforce the terms of the Installment Agreement, or to otherwise determine the proper application of the payments we have not considered petitioners' additional arguments. [5] On the basis of this record, respondent's determination must be sustained. *106 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner executed a previous Installment Agreement, Form 433-D on june 29, 1978. As the second agreement applied to the same tax periods, we have assumed for purposes of this opinion that the second agreement superseded the first.↩
3. Sec. 6512(b)(1) prescribes our jurisdiction to determine an overpayment.↩
4. See , where the petitioners claimed that respondent's application of petitioners' refund for 1970 to claimed tax liabilities in earlier years was in error. In White↩ we explained that "[i]f petitioners have a claim respecting such application of the 1970 refund, they must seek to enforce it in another forum." Petitioners here argue that this Court does have jurisdiction to make such a determination citing ; ; and . Petitioners' reliance on these cases is misplaced. Unlike the instant case, none of the above-cited cases involved a situation where respondent purportedly misapplied a payment of tax.
5. There are additional infirmities with these arguments. For example petitioners urge that a portion of the amounts paid by David are actually the separate interest of Dorothy. Petitioners claim that the amount of Dorothy's separate interest must be applied to petitioners' 1978 tax liability. Determining who is entitled to a refund, is not within the jurisdiction of this Court. . We can see no rationale for applying a different rule in the case of a credit against the tax. Consequently, we will not determine whether Dorothy has a separate interest in the amounts paid by David. Petitioners also argue that respondent should be estopped from denying that the payments at issue should offset their joint 1978 Federal income tax liability. While we express no opinion as to our jurisdiction to apply equitable estoppel, see and the cases cited therein; we recognize that application of equitable estoppel to the Federal Government must be done with caution and only where justice and fair play require such application. , affd. per curiam . Nevertheless, assuming we have such jurisdiction, we simply cannot find, in any event, that application of the doctrine of equitable estoppel would be appropriate under the circumstances as involved herein.↩